UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARAZ PARISEAU, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.                                             CASE NO.: 8:21-cv-02902-SDM-JSS

BUILT USA, LLC,

    Defendant.
_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW, the Defendant, BUILT USA, LLC (**"Built USA"**), by and through its undersigned counsel and hereby provides its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint (**"Complaint"**). In response to the specifically enumerated paragraphs in the Complaint, Built USA admits, denies and avers as follows:

## INTRODUCTION

1. Denies.

2. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies.

4. Denies.

5. Denies.

6. Denies.

7. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

9. Paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

10. Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied. Admits that Built USA is headquartered within the Middle District of Florida and conducts business transactions in this District.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

## PARTIES

12. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

14. Admits.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

## TCPA BACKGROUND

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

23. Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

24. Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

25. Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

26. Paragraph 26 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

27. Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

28. Paragraph 28 and footnote 2 consist of legal conclusions to which no response is required. To the extent a response is required, it is denied as to paragraph 28 and footnote 2.

29. Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

34. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

119. Paragraph 119 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

## FACTUAL ALLEGATIONS

35. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

39. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint but admits that a text message says "Stop." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

40. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

41. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint but admits that a text message says "Stop." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

42. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

43. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint but admits that a text message says "Stop." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

44. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

45. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint but admits that a text message says "Stop." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

46. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

47. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint but admits that a text message says "Stop." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

48. Admits and avers that Built USA sent Plaintiff a text message in response to Plaintiff's consented inquiry.

49. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint but admits that a text message says "Stop …." Built USA avers that Plaintiff failed to comply with procedures set forth in the Privacy Policy referenced in Built USA's website.

50. Denies.

51. Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

52. Denies.

53. Paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

54. Paragraph 54 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

55. Denies the first sentence of Paragraph 55. The second sentence of Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is required to the second sentence of Paragraph 55, it is denied.

56. Denies.

57. Denies.

## DEFENDANT'S LIABILITY

58. Denies.

59. Denies.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Denies.

66. Denies.

67. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

## CLASS ACTION ALLEGATIONS

68. Paragraph 68 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied. Built USA specifically denies that any class definition is proper, and denies that this action is appropriate for class treatment.

69. Built USA opposes the definition of "Class" as provided by Plaintiff, therefore, denied.

70. Denies.

71. Denies the allegations contained in Paragraphs 71 and 71a.-e. of the Complaint.

72. Denies.

73. Denies the allegations contained in Paragraphs 73 and 73a.-f. of the Complaint.

74. Denies.

75. Denies.

76. Denies.

77. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Denies.

80. Denies.

81. Denies.

82. Denies.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA 227(c) Class)

83. Reasserts its responses to paragraphs 1-82 above.

84. Denies the allegations contained in Paragraph 84 of the Complaint but admits that Built USA sent text messages to Plaintiff.

85. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Denies.

88. Denies.

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Policy Class)

89. Reasserts its responses to paragraphs 1-82 above.

90. Denies but admits Built USA sent text messages to Plaintiff.

91. Denies.

92. Denies.

93. Denies.

94. Denies.

95. Denies.

96. Denies but admits that Built USA sent two or more text messages to Plaintiff in a 12-month period.

97. Denies.

98. Denies.

### THIRD CAUSE OF ACTION
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059

99. Reasserts its responses to paragraphs 1-82 above.

100. Paragraph 100 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

101. Paragraph 101 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

102. Paragraph 102 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

103. Denies.

104. Denies.

105. Denies.

106. Denies.

## FOURTH CAUSE OF ACTION
## Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059

107. Reasserts its responses to paragraphs 1-82 above.

108. Paragraph 108 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

109. Paragraph 109 consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

110. Denies.

111. Denies.

Built USA denies all allegations not specifically admitted herein. Built USA denies generally and specifically the relief sought in the Plaintiff's prayers for relief. Built USA reserves the right to seek leave to amend this answer, and the affirmative defenses set forth below.

## AFFIRMATIVE DEFENSES

Built USA asserts the following affirmative defenses in response to Plaintiff's Class Action Complaint:

### First Affirmative Defense

With respect to the TCPA, Plaintiff's Complaint fails to state a claim upon which relief can be granted because the TCPA does apply to text messages.

## Second Affirmative Defense

With respect to the FTSA, Plaintiff Complaint fails to state a claim upon which relief can be granted because Section 8(a) of the FTSA is unconstitutional in violation of the first and Fourteenth Amendments as well as the Florida Constitution:

- **First**, it violates the First and Fourteenth Amendments (and Florida's free speech guarantee) as an unconstitutional content-based restriction on speech.
- **Second**, it violates the due process clause of the Fourteenth Amendment (and Florida's due process guarantee) as unconstitutionally vague.

## Third Affirmative Defense

With respect to the FTSA, Plaintiff Complaint fails to state a claim upon which relief can be granted because only Florida residents have a cause of action pursuant to the FTSA and Plaintiff is not a Florida resident.

## Fourth Affirmative Defense

With respect to the FTSA, Plaintiff lacks standing to bring a cause of action pursuant to the FTSA since she is not a Florida resident.

## Fifth Affirmative Defense

Plaintiff's complaint, and the purported causes of action set forth therein, is barred because the text messages sent to Plaintiff, and to any putative class members, were with Plaintiff's, and the putative class members', prior express consent and Plaintiff did not fully follow the procedures set forth in Built USA's Privacy Policy to stop receiving text messages.

### Sixth Affirmative Defense

Plaintiff cannot recover under the TCPA to the extent Plaintiff is determined not to be a "residential telephone subscriber."

### Seventh Affirmative Defense

Plaintiff has failed to mitigate her alleged damages, including but not limited to, the failure to comply with procedures set forth in Built USA's Privacy Policy.

### Eighth Affirmative Defense

Plaintiff lacks Article III standing for the causes of action asserted pursuant to the TCPA because Plaintiff cannot establish any concrete injury in fact. *See Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

### Ninth Affirmative Defense

To the extent Built USA violated the TCPA or FTSA, which it denies, neither the TCPA nor the FTSA were willfully or knowingly violated.

### Tenth Affirmative Defense

The Complaint, in purporting to assert a claim under the TCPA and FTSA, violates Built USA's right to protection from "excessive fines" as provided in the Eighth and Fourteenth Amendments to the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offence and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992)(quoting *St. Louis, I.M. & S Ry. Co. v. Williams*, 251 U.S. 65, 66-67 (1919)). The alleged violations

at issue caused *de minimus* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are grossly disproportionate to the alleged conduct.

### Eleventh Affirmative Defense

The amount of damages prescribed by the TCPA and/or FTSA are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable, allowing for the Court to reduce the damage award, if any. Thus, as applied in this case, any award of damages should be reduced to comport with due process. *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 962 (8th Cir. 2019)(affirming reduction of award under the Telephone Consumer Protection Act that violated the Due Process Clause where the aggregate "absolute amount of the award" was "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable."); *Bmw of N. Am. V. Gore*, 517 U.S. 559, 575 (1996).

### Twelfth Affirmative Defense

This action is not maintainable as a class action because the proposed classes do not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual proposed class member predominate over the questions relating to the class, including but not limited to: (1) whether each proposed class member has individual standing; (2) whether each proposed class member consented to receiving text messages; (3) whether an established business relationship exists between each proposed class member and Built USA; (4) whether each proposed class member is a

residential telephone subscriber; and (5) whether each proposed class member failed to comply with Built USA's procedures set forth in its Privacy Policy on the Built USA website.

### Thirteenth Affirmative Defense

Plaintiff's purported causes of action pursuant to the FTCA, and those of others alleged to be members of the purported classes, may be barred to the extent Built USA complied with the regulatory safe harbor provision set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### Fourteenth Affirmative Defense

Plaintiff has not stated a plausible claim for class certification under Federal Rule of Civil Procedure 23(b)(2) because the Complaint's underlying allegations do not apply generally to the purported classes.

### DEMAND FOR JURY TRIAL

Built USA requests a jury trial of all claims that can be so tried.

### DEMAND FOR JUDGMENT

WHEREFORE, Defendant Built USA respectfully requests this Court grant judgment in its favor, award it all costs and attorneys' fees incurred in the defense of this action, and grant such other relief as justice requires.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Built USA's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, has been electronically served on **Avi**

**R. Kaufman, Esq.**, counsel for Plaintiff, at kaufman@kaufmanpa.com, on this 19th day of August, 2022.

*/s/ Steven A. Nisbet*
Justin R. Zinzow
Florida Bar No. 686451
Steven A. Nisbet
Florida Bar No. 969000
ZINZOW LAW, LLC
8750 Hawbuck Street
Trinity, Florida 34655
Tel: (727) 787-3121
Fax: (727) 375-5593
Primary: service@zinzowlaw.com
Secondary: assistant@zinzowlaw.com
*Attorneys for Built USA, LLC*
